UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD BUZZARD, JR.,

    Petitioner,

v.

PAT GLEBE,

    Respondent.

Case No. C12-243-RAJ-BAT

**REPORT AND RECOMMENDATON**

Ronald Buzzard, incarcerated for child rape, filed a pro se 28 U.S.C. § 2254 writ of habeas corpus alleging the State of Washington Indeterminate Sentence Review Board ("ISRB") denied parole unconstitutionally by requiring him to enroll in the Sex Offender Treatment Program ("SOTP"). Dkt. 10. He requests immediate release and waiver of the SOTP requirement. *Id.* Because Mr. Buzzard has no federal right to parole and the ISRB did not violate his due process rights when denying him parole, the Court recommends the § 2254 petition be **DENIED** and this matter be **DISMISSED** with prejudice.

## BACKGROUND

On October 11, 2002, Mr. Buzzard was convicted of child rape in King County Superior Court. *Id.* The Court imposed a Special Sex Offender Sentencing Alternative ("SSOSA") sentence, but revoked that sentence on April 23, 2003, on the grounds that Mr. Buzzard engaged

REPORT AND RECOMMENDATON- 1

in "particularly risky behavior," including traveling outside the county, contacting criminals/offenders, consuming alcohol, viewing pornography, and engaging in sexual activity. *Id.* Following revocation of the SSOSA, Mr. Buzzard was remanded to Stafford Creek Corrections to serve a term of 123 months of imprisonment. *Id.* His maximum term is life in prison. *Id.* Since his imprisonment, Mr. Buzzard has incurred three serious infractions while incarcerated, including possession of sexually explicit photos. *Id.*

Mr. Buzzard contends he has earned good time credit and calculates his early release date to be March 17, 2011. *Id.* The ISRB conducted a hearing for his parole on November 9, 2010. *Id.* At the hearing, Mr. Buzzard testified and presented a release plan. *Id.* On November 22, 2010, the ISRB issued a final written decision denying parole and extended Mr. Buzzard's incarceration to March 17, 2013. *Id.* On February 7, 2012, Mr. Buzzard filed the present petition.[1] *Id.*

## DISCUSSION

Habeas corpus relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or [federal laws]." 28 U.S.C. § 2254(a). A state has no constitutional or federal obligation to offer parole. *See Swarthout v. Cooke*, _ U.S. _, _, 131 S. Ct. 859, 862 (2011). Thus, a state prisoner has no constitutional or federal right to be released before a valid state sentence expires. *Id.*

The Supreme Court recently declared the sole federal right at issue when reviewing parole board decisions is procedural and the only relevant federal habeas corpus inquiry is "what

---

[1] It is unclear from Mr. Buzzard's petition whether the petition was filed within the one year statute of limitations period and whether he exhausted his state remedies. *See* 28 U.S.C. § 2244(d). We need not resolve these potentially fatal barriers to relief because Mr. Buzzard seeks relief that is not available under federal habeas corpus law. *See Swarthout v. Cooke*, _ U.S. _, _, 131 S.Ct. 859, 861-62 (2011).

REPORT AND RECOMMENDATON- 2

process [the inmate] received, not whether the state court decided the case correctly." *Id.* at 863.

In the parole context,[2] due process only requires an opportunity to be heard and a statement of reasons why parole was denied. *Id.* (citing *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 12 (1979)). This is "the beginning and the end of the federal habeas court's inquiry." *Id.* at 862. Thus, the responsibility to review a parole board decision on the merits "rests with [state] courts, and is no part of [a federal court's] business." *Id.* at 863.

Mr. Buzzard contends the ISRB denied parole because he failed to participate in SOTP, a program that Mr. Buzzard claims impermissibly compels him to waive his First and Fifth Amendment rights. Dkt. 1. However, this contention is a challenge to the merits of the ISRB decision and is outside this Court's federal habeas corpus review powers. *See Cooke*, 131 S.Ct. at 863 (finding federal appellate review of a parole board decision on the merits is "irrelevant unless there is federal right at stake" and "the only federal right at issue is procedural"). As Mr. Buzzard's habeas corpus petition presents a claim for relief that is reserved for the state courts and is not cognizable in this Court, it should be dismissed with prejudice. *Id.*

Additionally, although Mr. Buzzard has not alleged the ISRB violated his procedural due process rights, a review of his habeas petition establishes the ISRB provided the constitutionally required procedures for parole hearings. *Id.* First, the ISRB provided Mr. Buzzard an opportunity to be heard. Dkt. 1, Exhibit 1. Mr. Buzzard "appeared in person" at the hearing, provided testimony,[3] and "presented an 89 page letter/release plan." *Id.* Second, the ISRB

---

[2] Washington State creates a liberty interest when offering parole and, constitutionally, must provide "minimal" procedures when deciding whether to grant parole. *See Cooke*, 131 S.Ct. at 861-62 ("When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication.... In the context of parole, we have held that the procedures required are minimal.")

[3] At the hearing, Mr. Buzzard admitted he needed treatment, failed "miserably" under SSOSA, and would consider enrolling in SOTP. Dkt. 1, Exhibit 1.

REPORT AND RECOMMENDATON- 3

provided Mr. Buzzard a written statement with reasons why his parole was denied. *Id.* The ISRB thoroughly explained [4] the denial concluding "[u]ntil he improves his behavior and completes treatment the detailed release plan is premature for [ISRB] consideration." *Id.* Because the ISRB provided Mr. Buzzard both an opportunity to be heard and the reasons why parole was denied, Mr. Buzzard was afforded constitutionally adequate process, and his habeas corpus petition should be dismissed with prejudice. *Cooke*, 131 S.Ct. at 862-63.

A petitioner seeking post-conviction relief may appeal a district court's dismissal of his § 2254 motion only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). Mr. Buzzard is not entitled to a COA because he has not shown that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Specifically, a COA should not be issued because Mr. Buzzard raised no procedural challenges and the only federal right in the parole context is procedural. *See*, *e.g.*, *Smith v. Kane*, 421 F. App'x 763, 764 (9th Cir. 2011). In other words, the claim the petition presented is not cognizable in a habeas action. Mr. Buzzard should address whether a COA should be issued in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

The Court recommends the § 2254 petition be **DENIED** and this matter be **DISMISSED** with prejudice because the claim raised is not cognizable under § 2254 and the petition Mr.

---

[4] The "Reasons" section of the ISRB decision states Mr. Buzzard "demonstrated little motivation or ability to comply with rules or treatment, either in prison or the community," by his SSOSA history, infractions while incarcerated, own admissions that he needed treatment, failure to enroll in SOTP, and polygraph report concluding he was deceptive. *Id.*

REPORT AND RECOMMENDATON- 4

Buzzard submitted establishes that he received the constitutionally required due process for parole hearings.[5] The Court also recommends that a COA be **DENIED**.

Any objections to this Recommendation must be filed no later than **April 16, 2010.** If no objections are filed, the matter will be ready for the Court's consideration on April 20, 2012. The failure to timely object may affect your right to appeal.

DATED this 26th day of March, 2012.

BRIAN A. TSUCHIDA
United States Magistrate Judge

---

[5] Under Habeas Rule 4, a Court must dismiss a habeas petition if it plainly appears from the petition and any attached exhibits that the petitioner is not entitle to relief in the district court. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

REPORT AND RECOMMENDATON- 5